IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**PATTIE GATES**                                                                          **PLAINTIFF**

v.                                                         CIVIL ACTION NO.: 3:20-cv-342-CWR-FKB

**JACKSON PUBLIC SCHOOL DISTRICT**                            **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

       **COMES NOW** the Plaintiff, Pattie Gates, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of her rights under the Age Discrimination in Employment Act (ADEA), against the Defendant, Jackson Public School District. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

       1.      Plaintiff, Pattie Gates, is an adult female citizen resident of Hinds County, Mississippi.

       2.      Defendant, Jackson Public School District, Dr. Errick L. Green, Superintendent, 662 South President Street, Jackson, Mississippi 39201.

**JURISDICTION AND VENUE**

       3.      This Court has federal question and civil rights jurisdiction for actions that arise under the ADEA.

       4.      This Court has personal and subject matter jurisdiction over the Defendant and venue is proper in this Court.

       5.      Plaintiff timely filed a Charge of Discrimination with the EEOC for Age

Discrimination on February 4, 2020, a true and correct copy of which is attached as Exhibit "A."  The EEOC issued a Notice of Right to Sue on February 20, 2020, a true and correct copy of which is attached as Exhibit "B."

## STATEMENT OF FACTS

6. Plaintiff is a 63-year old female from Hinds County, Mississippi.

7. Plaintiff was hired by the Jackson Public School District (JPSD) as a pre-k teacher's assistant on November 10, 2004.

8. Plaintiff continued in this position until 2013 when there were district-wide layoffs.

9. Approximately two years later in May 2015, Plaintiff was rehired by JPSD as a special education teacher assistant at Murrah High School.

10. In 2017, Defendant transferred Plaintiff to Forest Hill High School as a special education teacher assistant.

11. In August, 2018, Defendant transferred Plaintiff to Barr Elementary as a special education teacher assistant.

12. Beginning 2019, Defendant transferred Plaintiff to Wilkins Elementary, due to the teacher Plaintiff had been working with at Barr Elementary had a conflict with the school Principal and that teacher's contract was non-renewed.

13. At Wilkins Elementary School, Plaintiff was placed as the Teacher's Assistant to a male 1st Grade Teacher, DiJhonne Singleton.

14. Around September 2019, Mr. Singleton was accused of inappropriate behavior with a student.

15. Wilkins Elementary School Principal, Cheryl Brown, asked Plaintiff what

she knew or had seen regarding the allegations of inappropriate behavior, but Plaintiff responded that she neither knew nor had seen anything about it.

16. The male Teacher was subsequently removed from his position, and Plaintiff became the Lead Teacher for the class.

17. Plaintiff had not asked to become a Lead Teacher.

18. Nevertheless, Plaintiff managed the situation the best she could.

19. On October 9, 2019, Principal Brown abruptly terminated Plaintiff, allegedly due to "Insubordination and Combativeness."

20. On October 3, 2019, Plaintiff had supposedly been accused of "leaving the cafeteria tables dirty."

21. Tammera McIntee asked Plaintiff to return to the cafeteria and clean some tables that were left uncleaned.

22. Ms. McIntee went back and told Principal Brown that Plaintiff allegedly became aggressive and accused Plaintiff of "yelling, showing combative, aggressive and insubordinate behavior."

23. Defendant falsely accused Plaintiff of failing to follow policies and procedures of the school district and ultimately terminated Plaintiff.

24. Plaintiff denied the false accusations.

25. Although Plaintiff went through the appropriate complaint procedures, Defendant upheld its decision.

26. Defendant treated Plaintiff differently than other teachers because of her age.

27. The teacher accused of inappropriate behavior with a student, after

investigation, who by the way was much younger than Plaintiff, was returned to his position as a teacher.

28. After Defendant terminated Plaintiff, Defendant replaced Plaintiff with Ms. McIntee, a female in her mid-30s.

29. Plaintiff applied for and was successfully granted Unemployment benefits with the MDES.

## CAUSES OF ACTION

### COUNT I:  VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

30. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 29 above as if fully incorporated herein.

31. Defendant unlawfully discriminated against Plaintiff because of her age, 62. At age 62, Plaintiff was within the protected age category of the ADEA. Plaintiff was more that qualified for her position as teacher's assistant. Plaintiff suffered an adverse employment decision, i.e., termination. Defendant replaced Plaintiff with a substantially younger female.  As such, Plaintiff has established a *prima facie* case of age discrimination.

32. Plaintiff has been harmed as a result of this willful age discrimination, and the Defendant is liable to Plaintiff for the same.

33. The acts of Defendant constitute a willful intentional violation of the ADEA and entitle Plaintiff to recovery of back wages, reinstatement or front pay in lieu of reinstatement, and liquidated damages.

34. As a direct and proximate result of the acts and omissions of the Defendant described above, Plaintiff has suffered lost wages and benefits.

**PRAYER FOR RELIEF**

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back pay;
2. Reinstatement or front pay in lieu of reinstatement;
3. Lost benefits;
4. Liquidated damages;
5. Pre-judgment and post-judgment interest;
6. A tax gross-up and all make whole relief;
7. Attorney's fees;
8. Costs and expenses; and

THIS the 14th day of May 2020.

          Respectfully submitted,

          PATTIE GATES, PLAINTIFF

By: /s/Louis H. Watson, Jr.
     Louis H. Watson, Jr. (MB# 9053)
     Nick Norris (MB# 101574)
     Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, MS 39216
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web: www.watsonnorris.com