IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PATTIE GATES                                                                                PLAINTIFF

V.                                               CAUSE NO. 3:20-CV-342-CWR-FKB

JACKSON PUBLIC SCHOOL DISTRICT                              DEFENDANT

**ORDER**

Before the Court is Defendant's motion for summary judgment. The motion is fully briefed and ripe for adjudication. For the following reasons, the motion will be granted.

**I.     Factual and Procedural History**

This case concerns Plaintiff Pattie Gates' claim of discrimination under the Age Discrimination in Employment Act ("ADEA") against Defendant Jackson Public School District ("JPSD"). In 2004, when Mrs. Gates was 47 years old, JPSD hired her as a teacher's assistant. As a result of budget cuts, JPSD eliminated Mrs. Gates' position in 2013, but rehired her in 2015, when Mrs. Gates was 58 years old, as a teacher's assistant. In 2019, Mrs. Gates was transferred to Watkins Elementary.

Both Mrs. Gates and JPSD agree that on September 23, 2019, Mrs. Gates received an Employee Job Discrepancy notice for telling a student to "shut up." Mrs. Gates refused to sign the notice, as she claims it falsely stated that she was combative and not constructive with criticism.

JPSD states that between September and October 2019, Mrs. Gates engaged in unprofessional and abusive conduct which violated JPSD's code of conduct. During this time period, JPSD claims that Assistant Principal Stephanie Luckett commenced an investigation into Mrs. Gates' conduct. According to JPSD, multiple school personnel filed reports detailing Mrs. Gates' behavior, which included physically and verbally berating students and staff.

The main factual controversy concerns an alleged incident on October 3, 2019. JPSD claims that Mrs. Gates met with Principal Cheryl Brown regarding reports that she failed to clean up the cafeteria and treated her coworkers unprofessionally. Mrs. Gates denies that any such meeting occurred and denies the allegations.

On October 9, 2019, Principal Brown summoned Mrs. Gates to a meeting, at which security personnel greeted her. Principal Brown then informed Mrs. Gates of her termination. Mrs. Gates contends that Principal Brown asserted that she was terminated because Mrs. Gates allowed one of her students to run in the hallway without supervision, and that she had given Mrs. Gates enough chances to improve her behavior. Mrs. Gates denies that she ever allowed a student to run in the hallway without permission. Her termination became effective on October 9, 2019.

Mrs. Gates was 62 years old at the time of termination. Her replacement, Tammera McIntee, was 37 years old at the time of her hiring.

JPSD contends that Principal Brown met with Mrs. Gates regarding a Notice of Corrective Action, and that Mrs. Gates refused to sign the document. Mrs. Gates contests this account, contending that JPSD failed to issue Mrs. Gates a Notice of Corrective Action until several days after her termination.

On February 4, 2020, Mrs. Gates timely filed her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging age discrimination.[1] The EEOC issued Mrs. Gates a Notice of Right to Sue on February 20, 2020, and Mrs. Gates timely filed her Complaint in this case on May 14, 2020.

After discovery, JPSD filed the present motion for summary judgment. It denies that Mrs. Gates was fired due to her age. Rather, JPSD contends that Mrs. Gates was fired due to repeated

---

[1] Mrs. Gates' EEOC filing also included a claim for sex-discrimination; however, she failed to allege this charge in her subsequent filing before this Court, so we need not address it here.

2

violations of JPSD's policy prohibiting "[t]hreatening, intimidating, provoking a fight, striking or in any way fighting with: (a) a fellow employee, visitor, student, or a student's parent or guardian at any time; or (b) with any other individual when representing the school district." Docket No. 24-4 at 2.

## II.    Legal Standard

"Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law." *Lang v. Mississippi Organ Recovery Agency, Inc.*, No. 3:11-CV-238-HTW-LRA, 2012 WL 3945394 (S.D. Miss. Sept. 9, 2012). A "genuine dispute" arises "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Pursuant to Rule 56(e), the nonmoving party may oppose the motion for summary judgment "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The moving party bears the burden of demonstrating that there is no genuine dispute as to a material fact. *Id.* at 323.

## III.   Discussion

Under the ADEA,

> a plaintiff must first establish a prima facie case of discrimination by showing that (1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age.

*Goudeau v. Nat'l Oilwell Varco, L.P.*, 793 F.3d 470, 474 (5th Cir. 2015) (quotation marks and citations omitted). A Defendant may respond "by articulating 'some legitimate, nondiscriminatory reason' for the discharge." *Waggoner v. City of Garland, Texas*, 987 F.2d 1160, 1164 (5th Cir. 1993)

(quotation marks and citation omitted). Upon such a showing, the burden shifts back to the Plaintiff, who must then demonstrate that the Defendant's reasons for termination were pretextual. *Id.*

Under the pretext standard, the key inquiry is "whether there is sufficient evidence 'demonstrating the falsity of the employer's explanation, taken together with the prima facie case,' to allow the jury to find that discrimination was the but-for cause of the termination." *Goudeau*, 793 F.3d at 478 (quoting *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002)). A Plaintiff can demonstrate pretext through "showing that (1) a discriminatory reason more likely motivated the employer; (2) the employer's reason is unworthy of credence; or (3) [the employee] is clearly better qualified than the person selected for the position." *McMichael v. Transocean Offshore Deepwater Drilling*, Incorporated, 934 F.3d 447, 457 (5th Cir. 2019) (quotation marks and citations omitted).

The parties do not dispute that Mrs. Gates has established a prima facie case of age discrimination. There is no dispute, says Plaintiff, that JPSD "has offered evidence of an alleged legitimate non-discriminatory reason for termination." Docket No. 23, at 4. In particular, her principal and the Assistant Superintendent recommended that Gates be dismissed for "insubordination and combativeness," a direct violation of JPSD policy. Docket No. 24-4 at 2. They determined that she had behaved inappropriately towards students and teachers. The parties' disagreement instead centers on whether Mrs. Gates has offered sufficient evidence that JPSD's proffered justification for termination was pretextual.

Adopting *McMichael's* second line of reasoning, Mrs. Gates argues that JPSD's explanation is unworthy of credence. By alleging that JPSD materially revised its grounds for termination and that no meeting took place on October 3, 2019, Mrs. Gates implies that JPSD's

4

reason for termination was pretextual. Yet, Mrs. Gates' supporting evidence is insufficient. It is true that "[a] non-conclusory affidavit can create genuine issues of material fact that preclude summary judgment, even if the affidavit is self-serving and uncorroborated." *Lester v. Wells Fargo Bank, N.A.*, 805 F. App'x 288, 291 (5th Cir. 2020). But summary judgment is still appropriate "if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 148 (2000).

In her affidavit, Mrs. Gates denies each of the allegations of inappropriate conduct alleged by JPSD, save for admitting that she told a student to "shut up" on September 23, 2019. Docket No. 26-1 at 1-3. But these denials, even considered alongside Mrs. Gates' allegations that JPSD misrepresented events, prove insufficient when compared to JPSD's evidence. *See Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 379 (granting the employer's motion for summary judgment when the employee denied that he engaged in the conduct for which the employer fired him, and the employer offered statements "from several employees," as well as the results of "both an internal and external investigation of the [employee's] behavior"). Indeed, JPSD submitted pages of witness statements by multiple individuals with personal knowledge of the events, which evince a repeated pattern of inappropriate behavior by Mrs. Gates. *See* Docket No. 24-2. It also produced the findings of its internal investigation, which found that Mrs. Gates violated the school board's policies. Docket No. 24-9 at 4-13. And Mrs. Gates concedes that Defendants have met their evidentiary burden and offered a legitimate, nondiscriminatory reason for her termination. Docket No. 27 at 5. Thus, Mrs. Gates' fails to meet her evidentiary burden.

IV. **Conclusion**

Defendant's motion is granted.

**SO ORDERED**, this the 7th day of September, 2021.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE